IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER VONHARTITZSCH-EMBREY,<br><br>**Plaintiff,**<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>**Defendant.** | Case No. 25-CV-400-JFH-JFJ |

## OPINION AND ORDER

Before the Court is a Motion to Remand ("Motion") filed by Plaintiff Heather Vonhartitzsch-Embrey ("Plaintiff"). Dkt. No. 7. Plaintiff argues that Defendant State Farm Fire and Casualty Company ("State Farm") failed to file its Notice of Removal within the thirty-days allotted under 28 U.S.C. § 1446. *Id*. Defendant opposes the Motion, asserting that its removal was timely filed as measured according to the date provided under 36 O.S. § 621(C). Dkt. No. 13 ("Response").

A civil action filed in state court may generally be removed to the federal district court "embracing the place where such action is pending" provided that said district court is equipped with the requisite jurisdiction over the claims and parties involved in the case. 28 U.S.C. 1441(a). To initiate removal, a defendant must file notice thereof in federal court within 30 days of either receiving a copy of the initial pleading, by service or otherwise, or being served a summons, whichever period is shorter. *Id*. § 1446(a)-(b). Although federal law governs the course of proceedings post-removal, "federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).

Under Oklahoma law, service of process against "a foreign or alien insurer" like State Farm "shall be made only by service of process upon the Insurance Commissioner." 36 O.S. § 621(B).

> When legal process against an insurer for whom the Insurance Commissioner is agent is issued, it shall be served in triplicate by any manner now provided by law or in lieu thereof by mailing triplicate copies of such legal process in the United States mails with postage prepaid to the Insurance Commissioner with return receipt requested, in which event service shall be *sufficient* upon showing of proof of mailing to the Commissioner with the return receipt attached. . . . Upon receiving service, the Insurance Commissioner shall promptly forward a copy thereof by mail with return receipt requested to the person last so designated by the insurer to receive the same.

*Id.* § 622(A) (emphasis added). Lastly, "[p]rocess served upon the Insurance Commissioner *and copy thereof forwarded* as provided in this section shall constitute service upon the insurer." *Id.* § 622(B) (emphasis added). Thus, in relevant part, process upon a foreign insurer is deemed "sufficient" under Oklahoma law upon mailing to the Oklahoma Insurance Department ("OID") Commissioner. *Id.* § 622(A). However, to "constitute service upon the insurer," process must additionally be "forwarded" by OID to the foreign insurer's designated agent. *Id.* § 622(B); *see also Denny v. Ill. Nat. Ins. Co.*, 2010 WL 5141656, at *4 (N.D. Okla. Dec. 13, 2010) ("[B]y a plain reading of the statute, service—the trigger mechanism for the removal period— . . . occur[s] . . . the date that the Commissioner forwarded a copy of the petition and summons to CSC."); *Rocky Branch Marina, L.L.C. v. N. Assur. Co. of Am.*, 2009 WL 997016, at *2 (N.D. Okla. Apr. 14, 2009) (noting that, "[i]nsofar as Oklahoma statutory law requires foreign insurance companies to appoint Oklahoma's Insurance Commissioner as their agent for service of process, the Commissioner is properly considered a statutory agent," not the defendant's appointed agent).

Plaintiff originally filed suit in Tulsa County District Court on May 20, 2025. Dkt. No. 2-2. Pursuant to 36 O.S. § 622(A), Plaintiff delivered triplicate copies of its legal process to the OID Commissioner on June 23, 2025. Dkt. No. 2-3. The OID then mailed process to State Farm's designated agent, Corporation Service Company ("CSC"), on July 9, 2025. Dkt. No. 13-1.

CSC received process on July 14, 2025.  Dkt. No. 13-2.  Finally, State Farm filed its Notice of Removal on July 31, 2025.  Dkt. No. 2.

In her Motion, Plaintiff argues that Defendant was required to submit its Notice of Removal within thirty days of Plaintiff's delivery of process to the OID, hence, on or before July 23, 2025.  Dkt. No. 7 at 1.  The Court is unpersuaded.  Oklahoma law, as both plainly read and previously interpreted by fellow jurists in this district, provides that service upon a foreign insurer is not rendered effective for purposes of determining the time in which to file a notice of remand until process is forwarded to a defendant's service agent by the OID.  In this case, Defendant's Notice of Removal was filed on July 31, 2025, within thirty days of process being forwarded to its designated agent (on July 9, 2025).[1]

IT IS THEREFORE ORDERED that Plaintiff's Motion is DENIED.

Dated this 24th day of September 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] Although State Farm provides arguments and authority in its Response to support the further notion that the trigger mechanism for the removal period in cases such as this is to be properly understood as the date upon which a defendant's designated agent actually receives process from the OID—as opposed to the date the OID mails process—the Court need not address this issue at present.  Here, State Farm's Notice of Removal was timely either way.